1    **WO**

2

3

4

5

6    **IN THE UNITED STATES DISTRICT COURT**

7    **FOR THE DISTRICT OF ARIZONA**

8

9    Tony Stewart,                              No. CV-24-03305-PHX-DWL

10                  Plaintiff,                  **ORDER**

11    v.

12    Internal Revenue Service,

13                  Defendant.

14

15          Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma

16    Pauperis (Doc. 2), which the Court grants.  The Court will screen Plaintiff's complaint

17    (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served.  Pursuant to

18    that screening, the complaint is dismissed.

19          **I.    Legal Standard**

20          Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains

21    claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may

22    be granted," or that "seek[] monetary relief against a defendant who is immune from such

23    relief."  *Id.*  Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must

24    contain a "short and plain statement of the claim showing that the pleader is entitled to

25    relief."  *Id.*  Although Rule 8 does not demand detailed factual allegations, "it demands

26    more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v.*

27

28    _____

[1]       Although section 1915 largely concerns prisoner litigation, section 1915(e) applies
to all in forma pauperis proceedings.  *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001)
("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

"If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) (concluding that complaint could not be amended to state a cognizable claim and dismissing with prejudice).

## II.      Analysis

Plaintiff sues the Internal Revenue Service. (Doc. 1.)

The facts alleged by Plaintiff in the "Statement of Claim" section of the *pro se* complaint form are as follows:

> The IRS has been holding and stealing my refunds for the past few years . . . .
> They have used their private sector called TAS illegally by calling me on
> saturday night at 9pm with a promise to expetite my federal tax refund and
> only to have it stuck in processing for more than 6 months.  Upon calling the

IRS and TAS to address my refund they have openly admitted to holding my refund on purpose in hopes that i lose it by accumulating a massive debt with the IRS.

(*Id*. at 4.)  Plaintiff seeks "punitive money damages . . . of more than $75,000."  *Id.*

Rule 8 requires "clarity," such that a defendant should easily be able to determine "what [it] is being sued for."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  That is lacking here.  At any rate, the facts alleged are insufficient to support any cognizable claims.  *See generally* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1089 (9th Cir. 2007) ("If a person neglects to file an administrative claim as required by § 7422(a), that person has failed to satisfy a necessary condition of the waiver of sovereign immunity under § 1346(a)(1), and . . . the district court is necessarily divested of jurisdiction over the action."); 26 U.S.C. §§ 6511, 6532 (statutes of limitations); *cf. Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990) ("[T]he remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action . . . .").

The Court will dismiss the complaint with leave to amend.  "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).  "If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action."  *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017).

Plaintiff's amended complaint must adhere to all portions of Rule 7.1 of the Local

Rules of Civil Procedure ("LRCiv"). Additionally, Plaintiff is advised that the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the amended complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Plaintiff is advised that if the amended complaint fails to comply with the Court's instructions explained in this Order, the action may be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the first amended complaint is found to be deficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 4 at 6.)

Accordingly,

**IT IS ORDERED granting** the Application to Proceed in District Court without

Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is **dismissed** with leave to file an amended complaint by **December 20, 2024**.  The amended complaint must adhere to LRCiv 7.1.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint by **December 20, 2024**, the Clerk of Court shall terminate the action without further notice.

Dated this 4th day of December, 2024.

Dominic W. Lanza
United States District Judge